RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 10/19/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| EDDIE WILLIAMS III | CIVIL ACTION NO. 1:12-CV-489 |
| VERSUS | JUDGE DRELL |
| CORRECTIONS CORP. OF AMERICA, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION TO DISMISS TWO DEFENDANTS

Pro se Plaintiff Eddie Williams III, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections (LDOC), and he is presently incarcerated at the David Wade Correctional Center in Homer, Louisiana. He names as defendants Corrections Corporation of America (CCA), Timothy Wilkinson, Captain Coleman, and Officer Whitiker[1]. Plaintiff complains that the defendants failed to protect him from harm at the hands of other inmates, in violation of the Constitution and laws of the United States of America.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons, it is recommended that two of the defendants and the claims against them be dismissed.

### *Factual Allegations*

---

[1] Plaintiff originally named Virgil Lucas and John Doe as defendants. However those were replaced with Coleman and Whitiker.

Plaintiff alleges that on August 21, 2011, while incarcerated at Winn Correctional Center, he was on Elm A2 tier, which is a "lock down" tier within Elm Unit. Corrections Officer Whitiker, in violation of correctional center rules, allowed three inmates from the "general population tier" onto Elm A2. Plaintiff claims that Whitiker let the inmates onto the tier knowing that they would cause harm to Plaintiff. The three inmates approached Plaintiff's bed in the back of the tier and began fighting with him. While they were fighting, Plaintiff felt sharp "sticks" in his body, but initially he did not realize he was being stabbed. Then he saw that one of the inmates had a knife. After fighting with Plaintiff, the three inmates went to the front of the tier and called to Officer Whitiker to let them off the tier, which Whitiker did.

Plaintiff was called to the courtroom where Lt. Braxton, Captain Coleman, and Lt. Williams were waiting on him. He told Captain Coleman that he had been stabbed. Coleman raised Plaintiff's shirt and stated that the wounds were not serious. [Doc. #1, p.9] Coleman had Plaintiff escorted back to the cypress cell block without being examined by a medical professional. While in the shower, Plaintiff began having trouble "catching his breath" and then began to cough up blood. Plaintiff was then brought to the infirmary where he was examined by Nurse Williams. She had Plaintiff rushed to Winn medical center where it was determined

that plaintiff had a collapsed lung. A tube was placed in Plaintiff's chest to help him breathe, and he was transported to LSU hospital where he remained for one week. [Doc. #1, p.7] Plaintiff learned that eight stab wounds led to the collapsed lung.

Plaintiff was charged, and apparently convicted of disciplinary infractions for possession of a knife (which he denies) and aggravated fighting. He appealed his conviction and requested that he be returned to the general population and have his "GP status" restored, but he received no reply. He also alleges that he filed an administrative remedy regarding the failure to protect, but received no response. He was transferred from Winn Correctional to David Wade Correctional. Plaintiff does not allege the loss of any good time, and it does not appear from the exhibits that such a penalty was imposed.

### Law and Analysis

"It is well established that prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates." Longoria v. Texas, 473 F.3d 586, 592 (5th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832-33 (1994)). This duty, which is grounded in the Eighth Amendment's prohibition against "cruel and unusual punishments," is nevertheless a limited one. See Farmer, 511 U.S. at 832-34. To state a claim for failure to protect, an inmate must allege that (1) he was "incarcerated under conditions posing a substantial risk

of serious harm," and that (2) a prison official was "deliberately indifferent" to this risk. Id. at 834.

A prison official is "deliberately indifferent" to a risk when he "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. To "know of" a risk, an official must be "subjectively aware" of the risk: that is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837; see also Adames v. Perez, 331 F.3d 508, 512 (5th Cir. 2003). Finally, even if a prison official was subjectively aware of the risk, he may be found free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." Farmer, 511 U.S. at 844.

Plaintiff names as a defendants former Warden Tim Wilkinson. Plaintiff claims that Wilkinson is liable "for being the head warden", for not properly training Whitiker, and for not ensuring that the prison rules are being abided by. Under Section 1983, supervisory officials are not liable for subordinates' actions on any vicarious liability theory. Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002). A supervisor may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations or (ii) they implement unconstitutional policies that causally result in Plaintiff's injuries. See Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*,

4

508 U.S. 951 (1993). Plaintiff alleges that Wilkinson's involvement is by not properly supervising Whitiker and making sure the prison rules are followed.

Plaintiff has offered no facts to indicate that Wilkinson failed to properly supervise or train his subordinates. His claims in that regard are conclusory. A plaintiff cannot make generalized allegations, nor can he support a claim based on any theory of vicarious liability. Howard v. Fortenberry, 723 F.2d 1206, 1209 (5th Cir.), *vacated in part on denial of rehearing*, 728 F.2d 712 (5th Cir.1984). There must be an affirmative link between the incident and some act by the defendant. Rizzo v. Goode, 423 U.S. 362, 375-77 (1976). Plaintiff's subjective belief that Wilkinson failed to properly train his officers, without more, is insufficient to maintain a claim against Wilkinson.

Plaintiff also names as a defendant CCA. Just as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees, Monell v. Department of Social Services, 436 U.S. 658, a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights, Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999); Street v. Corrections Corporation of America, 102 F.3d 810, 817-18 (6th Cir. 1996)(CCA cannot be held liable under §1983 on respondeat superior or vicarious liability basis). Rather, a private corporation is

liable under §1983 only when an *official policy or custom of the corporation causes or is the* "moving force of the constitutional violation." Plaintiff has not identified an official policy or custom of CCA that caused or was the moving force behind Plaintiff's attack.

## Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's claims against former warden **Tim Wilkinson** and against **CCA** be **dismissed** for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e). Plaintiffs claims against Captain Coleman and Officer Whitiker will be served on those defendant for further proceedings.

**Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the**

date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. <u>See Douglass v. USAA</u>, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 18th day of October, 2012.

JAMES D. KIRK
United States Magistrate Judge